**Lee E. DAVIS and Bertha L. Davis, Respondents–Appellants**

v.

**Mike BAUER and Diana Bauer, d/b/a Mike Bauer Construction Company, Appellants–Respondents.**

No. WD 41462.

Missouri Court of Appeals, Western District.

Jan. 30, 1990.

Curtis BASINGER, Teresa Basinger, Gene Melloway, Bonnie Melloway, Donald Hammen, Robert L. Smith, and Michael Melloway, Plaintiffs/Appellants,

v.

BOONE COUNTY, Missouri, a County of the Second Class, Fred Giesler, Keith Schnarre, Andrew Stanton, David W. Piest, George Trial, Carolyn J. McCallister, and Frank Graham, as Members of the Boone County Planning and Zoning Commission, and Frank Graham, David Horner, and William A.

Gates, County Commissioners of Boone County, Missouri, Defendants/Respondents.

No. WD 42115.

Missouri Court of Appeals, Western District.

Jan. 30, 1990.

Bruce H. Beckett, Smith, Lewis, Beckett & Powell, Columbia, for plaintiffs/appellants.

John L. Patton, Asst. Pros. Atty., Columbia, for defendants/respondents.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Curtis Basinger and the other owners of a tract of real estate sought approval from Boone County of a plat for the subdivision of their property. The County Commission refused to approve this plat. Basinger and the other owners filed a petition with the circuit court seeking administrative review, declaratory judgment, and mandamus to compel the Commission to approve the plat. The court affirmed the order of the Commission and Basinger and the other owners appeal. Basinger contends the plat met all of the requirements of the Boone County zoning and subdivision regulations and the Commission was without discretion as to approval of such plat. Reversed and remanded.

Basinger and the other owners subdivided their real estate by plat approved by the County as Bentwood Estates. In September of 1987 Basinger and the others submitted a plat of Bentwood Acres to the Boone County Planning and Zoning Commission which was a subdivision of four lots in Bentwood Estates. Bentwood Acres contained four lots and would be classified as a minor subdivision under the definition contained in the County subdivision regulations because it contained no more than five lots. Bentwood Estates was classified as a major subdivision because it contained more than five lots.

The Planning Commission held a hearing on the plat of Bentwood Acres but failed to make a report to the County Commission within thirty days and under § 64.830, RSMo 1986, the plat of Bentwood Acres was deemed approved.

The County Commission held a public hearing on the approval of the plat of Bentwood Acres and at the conclusion of such hearing voted to deny approval. The Commission stated its reasons for disapproval of the plat as the following:

1. Bentwood Estates as platted is of a much larger scope than Bentwood Acres.

2. It appears that the minor plat circumvents the planning process by inserting a minor plat in a major subdivision.

3. A minor plat in a major plat potentially circumvents subdivision regulations and apparently the spirit and intent of good planning.

4. A minor plat in a major subdivision circumvents the regulation of allowing

manufactured homes in a major subdivision.

5. Must have conditional use permit in a major subdivision.

6. Covenants can be changed by developer—there is little change noted in lot configuration.

7. No valid reason exists for minor plat in major subdivision.

8. Lot lines can be changed by a survey.

9. Partially vacating part of a plat for a minor plat appears to set a bad precedent.

Thereafter, Basinger and the others filed their petition for review, declaratory judgment, and mandamus to require the Commission to approve such plat. As part of the proceedings in the circuit court the owners and the County filed a stipulation in which they agreed that the plat of Bentwood Acres was prepared and submitted in compliance with all technical surveying and engineering requirements of state law and Boone County subdivision regulations.

At the hearing before the Planning Commission it was brought out that there was a mobile home located on one of the lots in Bentwood Estates which was being subdivided in the plat of Bentwood Acres. The existence of this mobile home permeates the entire proceedings and forms the basis of the County's position on this appeal.

■ The subdivision regulations defined a lot as a parcel or portion of land in a subdivision. The regulations further defined a subdivision as the division of a lot into two or more lots. The Commission contends that the regulations cannot allow a minor subdivision to be superimposed on a major subdivision. This argument falls in the face of the definition contained in the County's subdivision regulations. The regulations permit the subdivision of a lot which by definition is a parcel of land in a subdivision. Thus, the regulations permit the subdivision of one or more lots contained in a subdivision into another subdivision. For that reason the subdivision of four lots in Bentwood Estates into four lots platted as Bentwood Acres was permissible.

It is clear from the subdivision regulations that it is permissible to subdivide lots in a subdivision and if the new subdivision contains no more than five lots it is classified as a minor subdivision. Because lots in a subdivision may be the subject of a subdivision, it was permissible to subdivide lots in Bentwoods Estate, a major subdivision, into Bentwoods Acres, a minor subdivision. The regulations thus permitted a minor subdivision to be platted from lots in a major subdivision. The Commission found that the platting of a minor subdivision from a major subdivision would result in the circumvention of the subdivision regulations. Because the subdivision regulations permit a minor subdivision to be platted from a major subdivision it cannot be said that this is a circumvention of the subdivision regulations. Rather than circumventing the regulations, the result is expressly permitted by those regulations. The County does not articulate the basis for its contention that a minor subdivision cannot be superimposed on a major subdivision. From the definitions contained in its regulations, it is understandable that the argument is made in conclusory terms rather than on a factual basis.

■ The plat of Bentwood Acres met all of the requirements of law to be approved. The remaining question is whether the County Commission had discretion to disapprove the plat even though it did meet all of the requirements imposed by the State and the County. In *State ex rel. Strother v. Chase*, 42 Mo.App. 343, 352 (1890), this court held that when a plat meets all of the requirements of law that the approval of the plat by the city was merely a ministerial duty, the performance of which could be compelled by mandamus. The holding in *Chase* was approved in *Downend v. Kansas City*, 156 Mo. 60, 56 S.W. 902, 904[2] (1900). There the court stated that when a plat conforms to the requirements of law, the city council had only a ministerial duty to perform and it was bound to approve the plat. The same holding was repeated in *Better Built Homes & Mortgage Co. v. Nolte*, 211 Mo.App. 601, 249 S.W. 743, 745 (1923).

In *City of Bellefontaine Neighbors v. J.J. Kelley Realty and Building Co.*, 460 S.W.2d 298, 303[3] (Mo.App.1970), the court stated that prior to 1943 the approval of plats by a municipality was a ministerial act and the city council had no discretion to exercise in whether to approve the plat if it conformed with the requirements of law. It was stated in that case that in 1943 the legislature passed § 445.030, RSMo 1949, which empowers a city council to require such changes or alterations in a plat as may be found necessary to make a plat conform to the zoning or street development plan which has been adopted. *Bellefontaine Neighbors* held that after the adoption of that statute a city council has discretion to exercise in the approval of plats. However, no such statute has been passed which vests a discretion in the County Commission in the matter of the approval of plats. Thus, the law at this time with respect to approval of plats by a County Commission is the same as it was in relation to cities when *Strother, Downend,* and *Better Built Homes* were decided. The rationale of those cases applies equally to a city or county. Absent discretion being vested in the County Commission by statute, a Commission has no discretion in the matter of the approval of plats. Without the right to exercise discretion in the matter of approval of plats, the Commission exercises only a ministerial duty and is required to approve any plat which meets the requirements of law. *Downend, supra.*

It is apparent the problem in this case arises from the fear on the part of the Planning Commission and the County Commission that approval of the plat of Bentwood Acres would permit a mobile home or manufactured home to be placed on a lot in Bentwood Acres. However, the placement of a mobile or manufactured home on a lot in Bentwood Acres is not before this court in this appeal. The only question presented on this appeal is whether the County Commission had any discretion to exercise in whether to approve the plat of Bentwood Acres when such plat admittedly met all the requirements of law. This court has concluded that the Commission had no dis-

cretion. The question of whether a mobile or manufactured home may be placed on a lot in Bentwood Acres is a separate question which must be resolved under the applicable zoning regulations of Boone County.

The County contends that by allowing the plat of Bentwood Acres to be filed the zoning regulations may somehow be circumvented. There is no basis for that contention. Boone County has zoning regulations which apply to minor subdivisions and with the filing of the plat of Bentwood Acres the lots in that subdivision will become a part of a minor subdivision and the regulations applicable to minor subdivisions will be fully applicable to Bentwood Acres. There is no circumvention of zoning regulations because the lots in Bentwood Acres will be subject to the zoning regulations just as all other land in the unincorporated area of the County.

None of the reasons assigned by the County Commission for disapproval of the plat refer to the failure of the plat to conform to applicable state and county regulations. The County Commission had no discretion in whether to approve the plat of Bentwood Acres when it admittedly met all of the requirements for a plat. Therefore, the owners of that land are entitled to mandamus to compel the County Commission to approve such plat.

The judgment is reversed and this cause is remanded with directions to issue a writ of mandamus directed to the Boone County Commission commanding that the Commission approve the plat of Bentwood Acres and to perform the necessary ministerial acts to signify approval of such plat so that it can be filed with the recorder of deeds.

All concur.