STATE of Missouri, ex rel. John
SCHAEFER, Plaintiff–
Appellant,

v.

Edward C. CLEVELAND, et al.,
Defendants–Respondents.

No. 61543.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 28, 1993.

Application to Transfer Denied
March 23, 1993.

---

Robert J. Koster, Elizabeth D. Odell, King, Koster & Murphy, St. Louis, for plaintiff-appellant.

John M. Hessel, John D. Husmann, Lewis, Rice & Fingersh, St. Louis, for defendants-respondents.

SMITH, Judge.

Relator appeals from the action of the trial court in dismissing his petition for a writ of mandamus. We reverse and remand.

Because relator's petition was dismissed for failure to state a cause of action we must consider as true all well pleaded facts. *Davis v. Carmichael,* 755 S.W.2d 679, l.c. 680 (Mo.App.1988). Relator alleged that he owns a parcel of real estate in the City of Kirkwood. The Subdivision ordinance of Kirkwood requires approval of a subdivision plat prior to development or sale of property. The approval process involves (1) initial approval by the Kirkwood Planning and Zoning Commission of a preliminary plat, (2) Commission approval of the final plat and (3) approval by the City Council of the final plat. Relator submitted a preliminary plat to the Commission which was denied approval. Relator thereafter submitted a final plat to the Commission which again denied approval. The final plat was then forwarded to the City Council which denied approval. Relator alleged that it was the duty of the Commission and the Council to examine the plats with respect to minimum zoning standards and requirements of the City and to approve the preliminary and final plats if they meet or exceed the standards and requirements. He further alleged that the preliminary and final plats met such standards and requirements of the Subdivision ordinance, and the actions of the Commission and the Council were the arbitrary, capricious, unreasonable and unlawful refusal to carry out a ministerial act under the Subdivision ordinance and therefore an act beyond the powers of the two bodies.

■ No alternative writ was issued. Instead, the respondents who were the members of the Commission filed a motion to dismiss on the basis that the final determination concerning a plat is vested in the Council and the decisions of the Commission are merely advisory and of no legal effect. Respondents who were the members of the Council filed an answer to the petition. Subsequently, all respondents filed a motion to dismiss on the basis that "the grant or denial of a resubdivision is not a ministerial act as a matter of law, and, thus, there is no claim for mandamus." We requested that the parties address the issue of our jurisdiction and they have done so.

■ The usual procedure in a mandamus case is for the petition to be filed, the court to determine whether an alternative writ should issue, denial of the alternative writ or issuance of same, and answer to the alternative writ if issued. It is not the petition for the writ but the alternative writ in mandamus which corresponds to the petition in an ordinary civil action. It is the alternative writ, and not the petition, therefore, to which a respondent makes his return. *State ex rel. Brandon v. Hickey,* 462 S.W.2d 159 (Mo.App.1970) [4, 5]. An order refusing an alternative writ of mandamus is not a final judgment or order and is not appealable. *Id.* The remedy for a refusal to issue a mandamus is by a direct

application to the higher court which has original jurisdiction in such matters. *Id.*

■ Where, however, the respondent appears without service of an alternative writ, and makes his return, the petition stands as and for the alternative writ itself for the purposes of the case and the return. *State ex rel. Meyer v. Cobb,* 467 S.W.2d 854 (Mo.1971) [1]. Where the court below dismisses the petition following answer or motion directed to the merits of the controversy and in so doing determines a question of fact or law the order is final and appealable. *State ex rel. Stoecker v. Director of Revenue,* 734 S.W.2d 263 (Mo. App.1987) [2]. Here respondents answered the petition for alternative writ and filed motions to dismiss directed to the sufficiency of the allegations to state a cause of action. The trial court ruled on the sufficiency of the allegations, an issue of law. The order granting the motion to dismiss is final and appealable. We have jurisdiction.

■ We turn to the merits. A writ of mandamus is appropriate only where it compels ministerial actions; it may not be utilized to compel the performance of a discretionary duty. *Bunker Resource Recycling and Reclamation, Inc. v. Mehan,* 782 S.W.2d 381 (Mo. banc 1990) [17, 18]; *State ex rel. Kessler v. Shay,* 820 S.W.2d 311 (Mo.App.1991) [4–6]. The issue then before us is whether under relator's allegations respondents failed to perform a ministerial act in refusing to approve the plat. We, of course, make no determination of the truth of the facts alleged. As previously indicated we are bound by the facts alleged in relator's petition. The key allegation is that the plats which he submitted met or exceeded the applicable requirements of the City ordinance for subdividing land. The City's motion was premised upon the conclusion that even if the plat met all the regulations of the City's ordinances the Commission and the Council still had a discretionary authority to refuse to approve the plats.[1]

The lot in question is to be subdivided to produce a normal lot and a "flag lot". "Flag lots" are defined in the subdivision ordinance as a residential lot with two discernible portions, one a building site portion not fronting on or abutting a street and the second portion abutting on the street and providing access to the building site portion. The ordinance further provides specific restrictions on the size of the building site portion which requires it to be larger than the required lot area of the zoning district in which it is located. The ordinance also prescribes the size of the access portion. There seems to be no question at this point that the plats of the relator met the specified restrictions of the subdivision ordinance and the zoning restrictions. The parties also seem to be in agreement that the Commission and the Council refused to approve the plats because they were "out of character" with the neighborhood. Respondents assert in their brief here that the plats did not comply with the Master Plan of the City. No Master Plan was made a part of the record. There seems to be some agreement that less than two years earlier than the rejection of relator's plats the Council approved a flag lot subdivision in the same block.

Respondents contend that § 445.030 RSMo 1986 grants to them an unlimited discretion to deny approval of plats. Specifically the pertinent part of that section upon which respondents rely states:

Provided, however, that if such map or plat be of land situated within the corporate limits of any incorporated city, town or village, it shall not be placed of record until it shall have been submitted to and approved by the common council of such city, town or village, by ordinance, duly passed and approved by the mayor, and such approval endorsed upon such map or plat under the hand of the clerk and

---

1. The parties have in their memoranda in the trial court and in their briefs here asserted certain factual matters which do not appear in the petition or the motion to dismiss. There does not appear to be any dispute between the parties concerning these facts or certain exhibits, including the Kirkwood Subdivision ordinance attached to the relator's memorandum to the trial court in opposition to the motion to dismiss. We therefore will consider those non-disputed facts and exhibits and treat the motion to dismiss as a motion for summary judgment.

the seal of such city, town, or village; nor until all taxes against the same shall have been paid; *and before approving such plat, the common council may, in its discretion, require such changes or alterations thereon as may be found necessary to make such map or plat conform to any zoning or street development plan which may have been adopted or appear desirable, and to the requirements of the duly enacted ordinances of such city, town or village, appertaining to the laying out and platting of subdivisions of land within their corporate limits.*

Section 445.030 RSMo 1986. (Emphasis supplied to indicate amendment of 1943.)

It is also necessary to consider the provisions of § 89.410.1 RSMo 1986, enacted in 1963, twenty years after the amendment to § 445.030 above emphasized. That section provides:

1. The planning commission shall recommend and the council may by ordinance adopt regulations governing the subdivision of land within its jurisdiction. The regulations, in addition to the requirements provided by law for the approval of plats, may provide requirements for the coordinated development of the municipality; for the coordination of streets within subdivisions with other existing or planned streets or with other features of the city plan or official map of the municipality; for adequate open spaces for traffic, recreation, light and air; and for a distribution of population and traffic.

Section 89.410.1 RSMo 1986.

In *City of Bellefontaine Neighbors v. J.J. Kelley Realty and Building Company,* 460 S.W.2d 298 (Mo.App.1970) [6, 7] we addressed the relationship between the two statutes. We stated there:

The specificity of the 1963 act may be considered to restrict the broad grant of power given by § 445.030 and to establish the procedures for carrying out the regulation of subdivisions authorized by § 445.030. Where the legislature has authorized a municipality to exercise a power and prescribed the manner of its exercise, the right to exercise the power in any other manner is necessarily denied. Not until the 1963 enactment of § 89.410 RSMo 1959, did the legislature purport to limit the manner of the exercise of the power granted in § 445.030.

*Id.* (citations omitted).

Section 89.410 requires that regulation of subdivision be accomplished in municipalities by ordinance. The Subdivision ordinance of the City, enacted in 1973, was within the authority of § 89.410 and was presumably intended to comply with the authority contained in that statute. Nowhere in that ordinance does there exist an authority to base approval or denial of a plat on its compatibility with the character of the neighborhood. The reference to the Master Plan of the City, referred to by the respondents, does not authorize approval or denial of a plat based upon compliance or non-compliance with the Master Plan but simply advises developers to review that plan to determine how the preliminary plat will fit into the comprehensive plan for the development of the city. *Vick v. Board of County Commissioners of County of Larimer,* 689 P.2d 699, l.c. 702 (Colo.App.1984) addressed the status of a "Master Plan". It stated that conceptually it is a guide to development rather than an instrument to control land use. It is the task of the legislative body charged with zoning to apply the broad planning policies to specific property in enacting zoning regulations. The Master Plan is not itself a zoning document or a subdivision regulation, and cannot be used as such.

One other case in Missouri besides *Bellefontaine Neighbors* addresses the import of the two statutes heretofore cited. In *Basinger v. Boone County,* 783 S.W.2d 496 (Mo.App.1990) the court was addressing the authority of a county commission to exercise discretion in the matter of approval of plats. It distinguished the situation of a county, for which there is no counterpart of § 445.030, with the situation of the city to which the statute is applicable. *Id.* at l.c. 499. We do not regard *Basinger* as holding that § 445.030 confers unlimited discretion upon a city council in its decision to approve or disapprove a subdivision plat.

*Basinger* does make clear that in the absence of a statute such as § 445.030 no discretion does exist as to approval or disapproval of a plat.

Courts in a number of other states have addressed the issue. In *Richardson v. City of Little Rock Planning Commission*, 295 Ark. 189, 747 S.W.2d 116 (1988) the court held:

> When a subdivision ordinance specifies minimum standards to which a preliminary plat must conform, it is arbitrary as a matter of law to deny approval of a plat that meets those standards. Accordingly, if the plat is within the use permitted by the zoning classification and meets the development regulations set forth in the subdivision ordinance, then the plat by definition is in "harmony" with the existing subdivisions.

Id. at [4] (citations omitted).

It would also, by definition be in "character".

In *Sowin Associates v. Planning and Zoning Commission of the Town of South Windsor*, 23 Conn.App. 370, 580 A.2d 91 (1990) the court held that "where a commission is weighing the approval or disapproval of a subdivision plan, in a zone that permits the proposed use, the commission may not look beyond the question of whether the plan satisfies the town subdivision regulations." [3, 4]. The court further held that subdivision regulations cannot be too general in their terms and must contain known and fixed standards that apply to all similar cases. *Id.* at [5, 6].

In *Kaufman v. Planning and Zoning Comm. of City of Fairmont*, 171 W.Va. 174, 298 S.E.2d 148 (1982) the court was dealing with a subdivision plat which had been rejected at least in part because it was not a "harmonious development" as set forth in the West Virginia statute. That term was found to lack the specificity necessary to adequately notify persons seeking plat approval of what they must demonstrate before a planning commission. *Id.* at [3, 4]. Municipal ordinances relying upon statutory authority to regulate subdivisions must put subdividers on notice of what factors must be satisfied in order to gain commission approval. *Id.* at [6]. Finally the court stated: "Just as the planning commission in *Singer* [*v. Davenport*, 164 W.Va. 665, 264 S.E.2d 637 (1980)] could not use a planning decision to implement zoning, a planning commission may not use its authority to effectively rezone property by denying approval of a subdivision plat." *Id.* at [14].

*Southern Cooperative Development Fund v. Driggers*, 696 F.2d 1347 (11th Cir.1983) was an action alleging a violation of 42 U.S.C. § 1983 by the action of the Board of Commissioners in refusing to approve a preliminary subdivision plat. The court affirmed the ruling of the lower court granting an injunction requiring approval of the plat holding the denial by the Board denied plaintiff its constitutional right of due process. The Court addressed the defendants' contention that the language of the preamble to the subdivision regulations reserving discretion to provide for the general health, safety and welfare was sufficient to justify the Commissioners' decision. *Id.* at [2]. In addressing that issue the Court stated:

> The preamble contains no standards with respect to subdivision approval. It merely sets forth the underlying purpose for enacting the Subdivision Regulations. The language in the preamble cannot serve as an independent source of authority for disapproving plats. This would permit the Commission to hold in reserve unpublished requirements capable of general application for occasional use as the Commission deems desirable.

*Id.*

We conclude it would be equally improper to utilize the very general language of the "purposes" section of the Kirkwood ordinance mentioning "public health, safety, convenience, and general welfare" as a grant of otherwise unmentioned subjective discretion. *See, Sowin Associates, supra,* [2].

The cases discussed above are consistent with the law of this state. *State ex rel. Ludlow v. Guffey,* 306 S.W.2d 552 (Mo. banc 1957) [4] quoting from the earlier case of *Lux v. Milwaukee Mechanics' Ins. Co.,* 322 Mo. 342, 15 S.W.2d 343 (banc 1929) stated:

The general rule is that any ordinance which attempts to clothe an administrative officer with arbitrary discretion, without a definite standard or rule for his guidance, is an unwarranted attempt to delegate legislative functions to such officer, and for that reason is unconstitutional. * * * The exceptions to the general rule are in situations and circumstances where necessity would require the vesting of discretion in the officer charged with the enforcement of an ordinance, as where it would be either impracticable or impossible to fix a definite rule or standard, or where the discretion vested in the officer relates to the enforcement of a police regulation requiring prompt exercise of judgment.

The subdivision ordinance of Kirkwood already vests considerable discretion in the Commission and the Council in determining whether the subdivision plat meets the standards spelled out in the ordinance. For instance, provisions addressing street design, block size, lot shapes, and many other areas set guidelines but authorize variations therefrom in the discretion of the Commission or the Council. A specific section deals exclusively with variations and exceptions based upon hardship. The Commission and the Council, in proceeding under the subdivision ordinance, are acting in an administrative capacity and not in a legislative capacity. *See, State ex rel. Ludlow v. Guffey, supra,* [1–3]. Subdivision regulation is not so difficult as to make it impossible or impracticable to establish sufficient standards to guide the administrative bodies applying the ordinance. We make no suggestion that the standards spelled out in the ordinance lack the requisite specificity. The law does not permit administrative bodies to exercise an arbitrary and subjective authority over the granting or denying of subdivision plats.

Respondents assert that to deny them the discretion to reject relator's plat is to eliminate the need for the Commission or Council altogether because no determinations would be required. That misses the point of the discretion vested in the bodies. As pointed out in the *Southern Cooperative Development Co.* case, *supra,*

the exercise of discretion and judgment vested in the administrative body is to determine whether a plan meets the zoning or subdivision requirements. It is not a discretion to approve or disapprove a plan that does meet the requirements. The statutes and the ordinance do not grant to the Commission or the Council the authority to deny a subdivision plat which complies with the subdivision ordinance. If relator's plat does so comply then it is the ministerial duty of the Commission and the Council to approve it and they have no discretion to deny it. Relator's petition alleges that the plat meets the requirements of the Kirkwood ordinances and that respondents have denied approval of the plat. It therefore states a cause of action in mandamus.

Order dismissing relator's petition is reversed and cause is remanded for further proceedings.

GARY M. GAERTNER, P.J., and BLACKMAR, Senior Judge, concur.