**STATE of Missouri, ex rel., AL-EXANDER & LINDSEY, LLC, Appellant,**

v.

**The PLANNING AND ZONING COMMISSION OF PLATTE COUNTY, Missouri, et al., Respondents.**

**No. WD 73167.**

Missouri Court of Appeals, Western District.

Aug. 16, 2011.

Mary J. Shaney, James C. Bowers, Jr., and Patricia R. Jensen, Kansas City, MO, for Appellant.

Michael P. Keleher, Gladstone, MO, for Respondent.

Before James EDWARD WELSH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Alexander & Lindsey, LLC, (Alexander) appeals the circuit court's judgment that upheld the decision of the County Commission of Platte County, Missouri,[1] denying approval of Alexander's preliminary plat for a subdivision known as Beverly Plaza. Alexander contends that, because the preliminary plat met all of the requirements of Platte County's Subdivision Regulations, the County Commission's decision to deny the preliminary plat was arbitrary, unlawful, and not based upon substantial and competent evidence. We agree.

Alexander owns real property of approximately 16.57 acres located in an area north of Missouri Highway 92 and east of Highway 45 in Platte County, Missouri. In July 2007, Alexander filed an application with Platte County for a preliminary plat to subdivide the property. To subdivide land in Platte County, a property owner must comply with the Platte County Subdivision Regulations of 1992 (Subdivision Regulations). Alexander's application for subdivision of the property sought the approval of a subdivision called "Beverly Plaza," which proposed the subdivision of the property into five lots for commercial development. Alexander's property is zoned CH (Highway Commercial) by Platte County. Alexander's application and the preliminary plat did not indicate the specific proposed use of the lots.

Pursuant to the Subdivision Regulations, the Platte County Planning and Zoning Commission was required to review and hold a public hearing on Alexander's preliminary plat application. As a part of the process of the preliminary plat approval under the Subdivision Regulations, the Director of Planning and Zoning was required to determine whether the preliminary plat met the requirements of the Subdivision Regulations.

The Director determined that Alexander's preliminary plat application met all of the requirements of the Subdivision Regulations. The Director recommended approval of the application for the preliminary plat for Beverly Plaza, subject to conditions of approval.

On March 11, 2008, the Planning and Zoning Commission held a public hearing on the application. At the public hearing, Daniel Erickson, Director of Planning and Zoning, presented the staff report to the Commission. Erickson stated that the application for the preliminary plat for Bev-

---

1. Alexander filed a Verified Petition for Mandamus, Review under Chapter 536, RSMo, and Other Relief against the Planning and Zoning Commission of Platte County, Missouri, and each of its individual members. It also filed a separate Verified Petition for Mandamus, Review under Chapter 536, RSMo, and Other Relief against the County Commission of Platte County, Missouri, and each of its individual members. The circuit court consolidated these matters. Thereafter, Alexander voluntarily dismissed its action against the Planning and Zoning Commission and its individual members, and it voluntarily dismissed the Writ of Mandamus count against the County Commission and its members. Thus, the only matter involved in this case is the administrative review of the County Commission's decision.

erly Plaza proposed to create five lots ranging in size from 2 acres to 4.6 acres. Erickson said that, although the application was not in conformance with the Platte County Future Land Use Plan, which identified the property as a Rural Policy Area, the application was in conformance with the CH zoning district. Further, Daniel showed the Planning and Zoning Commission the preliminary plat drawing and stated that it met the requirements of the Subdivision Regulations.

As a part of this application, a traffic study was completed and submitted to both the Platte County Engineer and the Missouri Department of Transportation (MoDOT). Both approved the traffic study. Moreover, Erickson stated that a drainage study was required and submitted in conjunction with the application. The drainage study was reviewed by the County Engineer, and he found that the proposed development was in compliance with the American Public Works Standard 5600.

Erickson noted that some concerns were identified relating to water by the Water District No. 3 and to soil testing by the Health Department. Water District No. 3 has stated that it could provide water service to the property but that it could not guarantee fire suppression adequacy. The Health Department performed soil testing for septic systems. Proposed Lots 1, 4, and 5 had adequate results from the soil testing, but it was noted that Lots 2 and 3 did not have adequate soil testing results suitable for septic systems and that those lots may need waste treatment systems using a lagoon or another method.

Erickson testified that some transition provisions would be required given the opposition to the development received from the City of Weston. According to Erickson, a 75–foot setback along both Highways 45 and 92 would be provided; an area containing a stand of trees would be permanently protected by a stream buffer setback easement; and the area within the 75–foot setback would require a detailed landscape plan at the time of final plat approval. The preliminary plat also contained broad design standards.

Erickson concluded his testimony by stating that the staff recommended approval of the preliminary plat for Beverly Plaza subject to eight conditions of approval in the staff report. At the conclusion of Erickson's testimony recommending approval of the application, Shannon Marcano, counsel for Alexander, testified on behalf of Alexander.

Marcano stated that Alexander was in agreement with all of the conditions of approval recommended by the staff. Marcano stated that the property is zoned Highway Commercial and the uses at Beverly Plaza will comply with the allowable uses as set forth in the County's Zoning Order for Highway Commercial. Commissioner David Picco questioned whether Alexander would eliminate one proposed driveway on Highway 45. Marcano responded that, because the traffic study approved by the engineer indicated that the two driveways on Highway 45 were workable and because the MoDOT had approved both entrances, Alexander would not eliminate one drive. Commissioner Bernadette Youngblood asked if the uses for Beverly Plaza had been decided. Marcano stated that there were no specific uses identified at the time but that all uses would be in compliance with the Highway Commercial zoning classification.

Following Marcano's testimony, Chairman Dennis Stanton asked if there were any persons in the audience desiring to testify on the application. Greg Hoffman, an alderman with the Weston Board of Alderman, testified at the hearing. He said that Weston had sent a letter protesting the application. Hoffman stated that

Weston did not oppose development at this location but that it opposed the way Alexander's preliminary plat was proposing development of the property. Hoffman said that Weston has a scenic overlay ordinance for properties within Weston that required a 100 foot setback and many additional requirements concerning landscaping, massing of buildings, and scenic views. According to Hoffman, Weston wanted developers in this area to respect this overlay ordinance because this is the entrance into Weston. Commissioner Picco asked if the application would be approved by Weston. Hoffman noted that Alexander had presented this same plan to Weston's Planning and Zoning Commission approximately three years prior to this hearing along with an annexation request. At that time, Weston sought further information on proposed uses, and Alexander stated that he did not know specific uses. Weston voted down the annexation request at that time. No other person testified in opposition to Alexander's application at the hearing.

Commissioner Mike Schockey requested testimony from the engineer who completed the traffic study. Dave Mennenga with George Butler Associates testified that he had completed the traffic study. He stated that MoDOT had approved the driveways shown on the application and preliminary plat. He conducted site distance evaluations, which met all the criteria from national standards and MoDOT's criteria. He noted that turn lanes were recommended as a part of the traffic study.

At the conclusion of the testimony, the Planning and Zoning Commission denied the preliminary plat by a vote of 7 to 1. The Planning and Zoning Commission issued Findings of Fact and Conclusions of Law setting forth the basis for its decision. Finding No. 13 stated that the Planning and Zoning Commission found that the application "would result in substantial detriment to the public good and would impair the intent, purpose and necessity of the Platte County Zoning Order of 1990 and Platte County Subdivision Regulations of 1992" for the following reasons:

a. Lack of specification as to the proposed uses.

b. Infrastructure limitations, such as water for fire suppression, lack of central sewage disposal facilities and inability of the proposed subdivision to support wastewater stabilization ponds.

c. The potential impact of wastewater stabilization ponds on neighboring properties and the public.

d. Potential for traffic hazards created by two access points on Highway 45 adjacent to the proposed subdivision.

Alexander appealed the Planning and Zoning Commission's denial to the County Commission of Platte County in accordance with the Subdivision Regulations. On April 17, 2008, the County Commission held a hearing.

At the County Commission hearing, Erickson testified as to the process for the review of the preliminary plat application. He stated that the appeal had been filed correctly. He presented the staff report and a copy of the Planning and Zoning Commission's findings and reasons for denial of the preliminary plat, citing specifically Finding No. 13 as identified above.

Marcano on behalf of Alexander also testified at the hearing. She reviewed the facts of the application and the proposed preliminary plat of Beverly Plaza. She addressed the staff report, the Planning and Zoning Commission's stated reasons for its denial of the application, and the reasons why Alexander believed the Planning and Zoning Commission's findings and conclusions were incorrect.

Thereafter, the County Commission upheld the Planning and Zoning Commission's denial of the preliminary plat by a

vote of 2 to 1. The County Commission issued its Findings of Fact, Conclusions of Law, and Decision on April 17, 2008. In its Findings, the County adopted Finding No. 5 which was identical to Finding No. 13 of the Planning and Zoning Commission.

After the denial of the preliminary plat by the County Commission, Alexander filed its petition with the circuit court seeking review of the denial by the County Commission. The circuit court upheld the decision of the County Commission, and Alexander appeals.

In its sole point on appeal, Alexander contends that the County Commission's decision to deny its preliminary plat was arbitrary, unlawful, and not based upon substantial and competent evidence. Alexander asserts that, because its preliminary plat of Beverly Plaza met all of the requirements of Platte County's Subdivision Regulations, the County Commission arbitrarily denied the preliminary plat. We agree.

■ When proceeding under the subdivision regulations, the County Commission is acting in an administrative capacity and not in a legislative capacity. *State ex rel. Westside Dev. Co. v. Weatherby Lake*, 935 S.W.2d 634, 640 (Mo.App.1996). "The law does not permit administrative bodies to exercise an arbitrary and subjective authority over the granting or denying of subdivision plats." *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 164 (Mo. banc 2006). "The exercise of discretion and judgment vested in the administrative body is to determine whether a plan meets the zoning or subdivision requirements." *Id.* The County Commission does not have the authority to deny a subdivision plat that complies with the County's subdivision regulations. *Id.* "If the plat complies, then it is the ministerial duty of the commission and the council to approve it, and they have no discretion to deny it." *Id.* at

164–65. When subdivision regulations specify minimum standards to which a preliminary plat must conform, it is arbitrary as a matter of law for the County Commission to deny approval of a preliminary plat that meets those standards. *See State ex rel. Schaefer*, 847 S.W.2d 867, 872 (Mo. App.1992).

In its Findings of Fact, the County Commission found that the Alexander's application for a preliminary plat "would result in substantial detriment to the public good and would impair the intent, purpose and necessity of the Platte County Zoning Order of 1990 and Platte County Subdivision Regulations of 1992." To the extent that the County Commission contends that the purpose clause of the Subdivision Regulations justifies the denial of the preliminary plat in this case, we disagree.

■ Section 405.030 of Article I of the Subdivision Regulations sets forth the purposes of the regulations and states:

1. To protect and promote public health, safety, convenience, comfort and general welfare of the County.

2. To guide the future growth and development of the County.

3. To provide for the proper location and width of streets, roads, building lines, open space and recreation and to avoid congestion of population.

4. To protect and conserve the value of land, buildings and improvements throughout the County and to minimize conflicts among the uses of land and buildings.

5. To establish reasonable standards of design for subdivisions in order to further the orderly layout and use of land.

6. To insure that public facilities, including roads, water, sewer and drainage facilities, are adequate to serve the needs of proposed subdivisions.

The purpose clause, however, cannot be used to justify a plat denial. *Id.* As the *Schaefer* court stated:

"The preamble contains no standards with respect to subdivision approval. It merely sets forth the underlying purpose for enacting the Subdivision Regulations. The language in the preamble cannot serve as an independent source of authority for disapproving plats. This would permit the Commission to hold in reserve unpublished requirements capable of general application for occasional use as the Commission deems desirable."

*Id.* (quoting *S. Coop. Dev. Fund v. Driggers*, 696 F.2d 1347, 1351–52 (11th Cir. 1983)). It would, therefore, be "improper to utilize the very general language of the "purposes" section [of the regulations] as a grant of otherwise unmentioned subjective discretion." *Schaefer*, 847 S.W.2d at 872.

■ The County Commission, however, also gave these four reasons for its denial of Alexander's preliminary plat:

a. Lack of specification as to the proposed uses.

b. Infrastructure limitations, such as water for fire suppression, lack of central sewage disposal facilities and inability of the proposed subdivision to support wastewater stabilization ponds.

c. The potential impact of wastewater stabilization ponds on neighboring properties and the public.

d. Potential for traffic hazards created by two access points on Highway 45 adjacent to the proposed subdivision.

These stated reasons, however, are outside the scope of the requirements of the Subdivision Regulations.

First, the Subdivision Regulations do not state that an applicant for a preliminary plat must specify proposed uses. Section 405.140.A.20 of Article III of the County's Subdivision Regulations requires that the preliminary plat drawing include "[t]he proposed use of land, whether for single family, multi-family, commercial, industrial, parks, school, etc." The preliminary plat drawing submitted by Alexander met this requirement. Note 5 on Alexander's preliminary plat drawing stated, "all lots shall be used for commercial business as defined by the CH zoning requirements." There is nothing in the Subdivision Regulations that requires the listing of the specific types of commercial uses on a preliminary plat.

Second, the Subdivision Regulations do not require an applicant seeking approval of a preliminary plat to resolve infrastructure issues involving fire suppression, central sewage disposal facilities, or wastewater stabilization ponds. The Subdivision Regulations do require a subdivider to install: (1) "sanitary sewer facilities or individual sewage disposal systems designed in accordance with the rules, regulations and standards of the Missouri Clean Water Commission, the Missouri Department of Natural Resources, the Platte County Regional Sewer District and the Platte County Health Department" (section 405.190 of Article IV of the Subdivision Regulations); (2) utilities (such as water) according "to the specifications of the controlling jurisdiction" (section 405.190 of Article IV of the Subdivision Regulations); and (3) fire hydrants according to the specifications of the applicable fire district (section 405.200 of Article IV of the Subdivision Regulations). These items, however, are not required to be explored at the preliminary plat stage of the development. Indeed, section 405.140.B.1 of Article III of the Subdivision Regulations states: "After approval has been given to the preliminary plat, the plans for the public improvements that are to be constructed shall be designed in accordance with the specifications for such improvements ... and reviewed and commented on by the applicable governmental subdivisions, such as the

road district and water district, *before the final plat is submitted"* to the County's Planning and Zoning Commission.

Third, the Subdivision Regulations do not require an applicant seeking approval of a preliminary plat to resolve issues concerning the potential impact of wastewater stabilization ponds on neighboring properties and the public. Although section 405.190 of Article IV of the Subdivision Regulation requires a subdivider "to install sanitary sewer facilities or individual sewage disposal systems designed in accordance with the rules, regulations and standards of the Missouri Clean Water Commission, the Missouri Department of Natural Resources, the Platte County Regional Sewer District and the Platte County Health Department," such is not required to be explored at the preliminary plat stage of the development.

Fourth, in denying Alexander's preliminary plat based upon "the potential for traffic hazards created by two access points on Highway 45," the County Commission merely relies on the purpose clause of the Subdivision Regulations and asserts that the plat must conform to sections 405.030(1), (3), and (5) of Article I of the Subdivision Regulations.[2] As previously noted, the purpose clause cannot be used as a basis to deny a preliminary plat. *Schaefer*, 847 S.W.2d at 872. The County Commission acknowledges that a traffic study was performed and that MoDOT and the engineer approved the traffic study and approved of the two access points on Highway 45. The County Commission contends, however, that an adequate traffic study could not be done without identifying the specific use of land. But, allowing the County Commission to rely on the general language of the purpose clause to deny Alexander's preliminary plat would

be a grant of "otherwise unmentioned subjective discretion." *Id.* The County Commission is not allowed to exercise an arbitrary and subjective authority over the denial of Alexander's preliminary plat. *Furlong*, 189 S.W.3d at 164. The exercise of discretion and judgment vested in the County Commission is to determine whether the preliminary plat meets the County's subdivision regulations, and the County Commission does not have the authority to deny a subdivision plat that complies with the County's subdivision regulations. *Id.*

Thus, we conclude that the County Commission's decision to deny Alexander's preliminary plat was arbitrary, unlawful, and not based upon substantial and competent evidence. In so ruling, we want to emphasize the fact that a preliminary plat is just that—*preliminary. Benton v. Dismuke*, 230 S.W.3d 10, 14 (Mo.App.2007). The approval of a preliminary plat merely gives the subdivider authorization to proceed with the planning and development phase of the project. *Id.* The Subdivision Regulations still require that the subdivider's final plat comply with all Subdivision Regulations and be approved by the Director of Zoning and Planning, the Planning and Zoning Commission, and the County Commission if the Planning and Zoning Commission disapproves of the final plat.

We, therefore, reverse the circuit court's judgment that the County Commission's decision was based upon substantial and competent evidence and was within the scope of the Subdivision Regulations. Alexander's preliminary plat met the requirements of the Subdivision Regulations, and the County Commission's decision denying the preliminary plat was arbitrary. We remand to the circuit court for it to

---

2. The County Commission also references section 405.170 of Article IV of the Subdivision Regulations. That regulation, however, does not set any maximum number of access points to a development.

418

enter an order requiring that Alexander's preliminary plat be approved.

All concur.