**Jeanne M. BAKER, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Gerard T. Noce, Respondents.**

No. 58281.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1991.

Application to Transfer Denied
May 3, 1991.

Michael A. Gerritzen, St. Louis, for appellant.

Peter von Gontard, St. Louis, for respondent Noce.

Paul E. Kovacs, Clayton, for respondent State Farm.

CRIST, Judge.

Appellant (plaintiff) appeals the sustentation of respondents' (defendants) motions for summary judgment. Plaintiff asserts she has a separate cause of action for defendants' alleged illegal obtaining of her medical records in a personal injury suit. We affirm.

We review the record in the light most favorable to the party against whom summary judgment was entered; first determining whether any genuine issue of material fact exists requiring trial, then determining whether the judgment is correct as a matter of law. *Blankenship v. Better Business Bureau,* 782 S.W.2d 131, 132 [1] (Mo.App.1989). The party confronted by a proper motion for summary judgment may not rest upon mere denials in the pleadings but must show there is a genuine issue for trial. *Id.;* Rule 74.04(e). Summary judgment shall not be precluded if the facts alleged to be in dispute are actually the differing opinions of the parties concerning the legal effect of documents or actions determining their respective rights. *Blankenship,* 782 S.W.2d at 132 [1].

On May 3, 1986, plaintiff was involved in an automobile accident with Maria Piorowski, an employee of State Farm. Plaintiff and her husband filed suit against Maria Piorowski and State Farm alleging injuries to plaintiff of her head, neck, upper back

region, spine and both shoulders. This suit was determined by a jury verdict in favor of plaintiff. In a separate suit, plaintiff claims damages for the wrongful acquisition of her medical records by defendant Gerard T. Noce, who was Maria Piorowski's and State Farm's lawyer in the original suit.

On January 2, 1988, plaintiff, with the advice and consent of her lawyer, executed a medical authorization authorizing defendants to inspect and copy her medical records in Dr. Sale's possession "relative to the injuries I sustained in the automobile collision I was involved on May 2, 1986 (or) any previous or subsequent injuries to the same portions of my body injured in the occurrence of May 2, 1986."

On February 10, 1988, Noce sent this authorization to Dr. Sale with a cover letter asking for his medical records pertaining to the May 2, 1986 accident and any prior medical records which pertain to injuries or complaints to the same portions of her body so injured on May 2, 1986. Thereafter, plaintiff alleges Noce's secretary was informed by Dr. Sale's employee that Dr. Sale did not have any records which defendants were entitled to pursuant to the authorization.

On June 17, 1988, Noce wrote Dr. Sale stating he had not heard from the doctor regarding the February 10, 1988 letter (a copy of which he enclosed) and stated he was serving a subpoena on his office to produce those records at Noce's office during a records deposition on July 1, 1988. The letter also stated if the doctor would send those records it would not be necessary for the records custodian to attend the deposition. Plaintiff contends this letter contained a copy of a subpoena defendants later served on the doctor's office requiring him to bring all records. Dr. Sale did not verify plaintiff's allegation, but did aver he had two copies of the subpoena in his file.

On June 20, 1988, Dr. Sale's employee again advised Noce's employee that Dr. Sale did not have any records to which defendants were entitled pursuant to the authorization signed by plaintiff. In any event, Dr. Sale sent all plaintiff's records to defendants.

On June 22, 1988, Noce wrote to plaintiff's lawyer enclosing a copy of the medical records he received from Dr. Sale and cancelling the scheduled July 1, 1988 deposition.

On June 23, 1988, a subpoena duces tecum was served on Dr. Sale's office requesting him to produce, at the scheduled July 1, 1988 deposition, all records in his possession regarding his patient Jeanne M. Baker.

■ Plaintiff contends the trial court erred in granting summary judgment against her on Count I of her petition, intentional interference with the physician/patient privilege. No Missouri case has recognized a cause of action for intentional interference with the physician/patient privilege. *Mikel v. Abrams*, 541 F.Supp. 591, 598 (D.Mo.1982). The trial court was not erroneous in granting summary judgment against plaintiff on this count. Point denied.

■ Next, plaintiff argues the trial court erred in entering summary judgment against plaintiff on Count II of her petition, tortious interference with a contract. The elements of a cause of action for tortious interference with a contract are:

(1) a contract or a valid business relationship or expectancy;

(2) defendant's knowledge of the contract or relationship;

(3) intentional interference by the defendant inducing or causing a breach of the contract or relationship;

(4) the absence of justification; and,

(5) damages resulting from defendant's conduct.

*Fischer, Etc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 [8] (Mo. banc 1979).

Plaintiff has failed to show there is a genuine issue for trial for this count. Plaintiff waived the physician/patient privilege when she filed her underlying lawsuit and when she signed a medical authorization for release of Dr. Sale's records. Plaintiff's medical records were discoverable. *State ex rel. McNutt v. Keet*, 432 S.W.2d 597, 601 [2, 3] (Mo. banc 1968). Plaintiff has failed to allege defendants were unjustified in requesting the plain-

tiff's medical records. "Absence of justification" has been construed as an indispensable element of the tort. *Inst. Food Marketing v. Golden State Strawberries*, 747 F.2d 448, 454 [8, 9] (8th Cir.1984). Plaintiff's January 2, 1988 medical authorization gave permission for Dr. Sale to release the pertinent medical records. Noce's letters of February 10, 1988 and June 17, 1988, requested plaintiff's pertinent medical records. Nothing in those letters suggested defendants wanted any other medical records other than plaintiff's medical records pertaining to the May 2, 1986 accident. Plaintiff's medical records were discoverable; defendants were justified in requesting the records. The trial court properly granted summary judgment in favor of defendants. Point denied.

 Plaintiff also contends the trial court erred in granting summary judgment on plaintiff's Count III, abuse of process for improperly serving Dr. Sale's office with the subpoena duces tecum.

The elements of a cause of action for abuse of process are:

 (1) defendant made an illegal, improper or perverted use of process, a use neither warranted nor authorized by the process;
 (2) defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and
 (3) damage resulted.

*Brown v. Mullarkey*, 632 S.W.2d 507, 510 [6] (Mo.App.1982).

Rule 57.09 authorizes the issuance of a subpoena to command the person to whom it is directed to produce requested documents. Defendants were justified in using the subpoena process to obtain the plaintiff's medical records which defendants were entitled to discover.

Furthermore, there is no evidence Dr. Sale was coerced into producing plaintiff's medical records pursuant to the subpoena. Dr. Sale produced the medical records on June 22, 1988. The subpoena was not served until June 23, 1988. Thus, Dr. Sale produced the medical records voluntarily. Plaintiff has failed to show there is a genuine issue for trial for abuse of process. The trial court was not erroneous in granting summary judgment in favor of defen-

dants on plaintiff's Count III. Point denied.

 Finally, plaintiff has failed to preserve any error in regard to any motion for a continuance, objections to discovery directed to defendant Noce, motion for rehearing or motion for protective order because plaintiff did not move to have these matters ruled upon by the trial court. *In Interest of J___ Y___*, 637 S.W.2d 670, 673 [7] (Mo. banc 1982).

Judgment affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.