**Meshell CHANDLER, Plaintiff-Appellant,**

v.

**Mark FURRER, et al., Defendants-Respondents.**

**No. 59782.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 1991.

Ray B. Marglous, Clayton, for plaintiff-appellant.

William F. James, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Judge.

Lessee, Meshell Chandler, appeals an order of the Circuit Court of the City of St. Louis entering summary judgment in favor of lessors, Mark and Mary Furrer. We affirm.

We review the record in the light most favorable to the party against whom summary judgment was entered; first determining whether any genuine issue of material fact exists requiring trial, then determining whether the judgment is correct as a matter of law. *Baker v. State Farm Mut. Ins. Co.*, 806 S.W.2d 742, 743 (Mo. App., E.D.1991). The party confronted by a proper motion for summary judgment may not rest upon mere denials in the pleadings, but must show there is a genuine issue of fact for trial. *Id.* Summary judgment shall not be precluded if the facts alleged to be in dispute are actually differing opinions of the parties concerning the legal effects of documents or actions determining their respective rights. *Id.*

On May 15, 1987, lessee entered into a lease with the lessors for property located at 4506 Pennsylvania, in the City of St. Louis. Under the terms of the lease, lessee was required to "maintain all common areas (porch, steps, sidewalks, grass)." On January 4, 1989, almost two years after entering into the lease, lessee slipped on ice that had accumulated on the top step leading to the leased property. Allegedly, this ice accumulated due to the lessors' failure to properly maintain a leaking gutter above the steps.

On June 28, 1990, lessee filed a petition in the Circuit Court of the City of St. Louis claiming negligence on the part of the lessors. On January 11, 1991, lessors filed a joint motion for summary judgment alleging that lessee was responsible for maintaining the steps under the term of the lease and that the lessors were entitled to judgment as a matter of law. The lessors' motion was sustained on February 4, 1991, and this appeal followed.

Lessee's two contentions on appeal both claim the trial court erred in granting summary judgment because a material issue of fact exists. Lessee points out that the lessors' motion for summary judgment and attached affidavit only considered whether the lessors were liable if the lessee's injury was caused by the ice on the steps, but failed to address the possibility that the injury may have been caused by the leak-

ing gutter. Lessee maintains that the issue of whether the injury was caused by the leaking gutter or by the ice on the steps is material and claims that a trial is necessary. We disagree.

■ We first note that lessee has chosen to ignore the entire vast history of Missouri landlord/tenant case law. Instead, lessee's brief cites this court to cases sounding in simple negligence. Nowhere does lessee take notice of the general rule that a landlord is not liable for personal injuries received by a tenant or by a tenant's invitee. *Uelk v. Directory Distrib. Assoc.*, 803 S.W.2d 632, 635 (Mo.App., E.D. 1991). Nor does lessee attempt to fit her case into one of the numerous exceptions to this general rule.

■ It is not this court's responsibility to invent arguments to aid the lessee and we will not guess as to what the facts may be in a case to attempt to fit the case into an exception. Nowhere does lessee allege that the leaking gutter was a dangerous condition, not discoverable by the tenant, which the lessors failed to disclose. *Reckert v. Roco Petroleum Corp.*, 411 S.W.2d 199, 205 (Mo.1966). Nowhere does lessee allege that the lessors maintained control of the gutters of the house so that the lessors were responsible for repairs and negligently failed to make repairs.[1] *Tucker v. Taksel*, 345 S.W.2d 385, 387 (Ct.App. 1961). Finally, nowhere does appellant allege that the gutter or the stairs themselves were a true common area, for use by tenants other than the lessee. *Jackson v. Ray Kruse Construction Co.*, 708 S.W.2d 664, 667 (Mo. banc 1986). Indeed, appellant's entire petition and the affidavits on file in opposition to the lessors' motion for summary judgment failed to make any allegations from which we could find that the lessee's case fits into one of the exceptions to the general rule that lessors are not liable for tenants injuries; it is doubtful that lessee even stated a claim upon which relief could be granted, let alone a claim sufficient to be presented to a jury. The

addition of the lease terms requiring that the lessee "maintain all common areas (porch, steps, sidewalks, grass)" only strengthen the opinion of this court that the trial court did not err in granting lessors' motion for summary judgment.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.

---

1. Appellant does allege that lessors failed to maintain the gutters, however, nowhere does appellant contend that the lessors had a duty to maintain the gutters either under the terms of the lease or by prior actions on the part of the lessors.