**Sherry SIEVERS, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE CO., Respondent.**

**No. WD 45807.**

Missouri Court of Appeals, Western District.

Sept. 29, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1992.

Application to Transfer Denied May 25, 1993.

Craig K. Sweeney, Kansas City, for appellant.

William H. Sanders, Douglas P. McLeod, Jeffrey T. O'Connor, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

BERREY, Judge.

Appellant, Sherry Sievers, brought an action for compensatory and punitive damages against respondent, Liberty Mutual Insurance Company, claiming intentional inducement to breach a fiduciary duty by interfering with her physician/patient privilege. Respondent moved for summary judgment arguing that plaintiff failed to state a claim upon which relief can be granted. Respondent's motion was granted by the trial court and Sievers appeals. We affirm.

In February 1987, appellant was employed by the Kansas City Area Transportation Authority ("ATA") as a bus driver. At that time, she was assigned a new route along Troost Avenue in Kansas City, Missouri, on the night shift. Appellant subsequently filed a workers' compensation claim against ATA to recover compensation under the Workers' Compensation Act alleging that the thought of driving her new assignment caused her to suffer "major depression and extreme anxiety."

Liberty Mutual Insurance Company ("Liberty"), as the provider of workers' compensation insurance coverage to ATA in 1987, retained Jeffrey T. O'Connor and Stephanie Warmund to represent ATA in the workers' compensation action brought by Sievers. During the investigation of Sievers' claim, Warmund contacted Sievers' treating psychologist, who had first examined Sievers on March 19, 1987, subsequent to the route change.

On March 3, 1989, Warmund sent the psychologist an authorization form to allow inspection and copying of Sievers' medical records. The form sent by Warmund included language from § 287.140(6), RSMo (1986) stating every person furnishing medical aid to the employee "shall permit its record to be copied and shall furnish full information to the employer." Some time later, Warmund and the psychologist had a telephone conversation during which they discussed Sievers' condition.

Sievers filed a motion in the workers' compensation case to disqualify War-

mund's law firm. The administrative law judge conducted a hearing on the motion, during which the doctor testified that his conversation with Warmund had "absolutely no effect" on his opinions or conclusions regarding Sievers' condition. The motion was denied. The psychologist testified on Sievers' behalf at the workers' compensation hearing and Sievers was awarded $2,350.71, plus prejudgment interest. On February 15, 1991, Sievers filed this action against Liberty seeking actual and punitive damages for "intentional inducement to breach a fiduciary duty."

In reviewing a summary judgment, this court views the evidence in light most favorable to the non-moving party and affords that party the benefit of any doubt. *Douros Realty & Constr. Co. v. Kelley Properties Inc.*, 799 S.W.2d 179, 180 (Mo.App.1990). This court affirms the judgment only if it is made manifest by the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, that no genuine issue exists as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Rule 74.-04(c). This court reviews a summary judgment as it would any court-tried or equity proceeding. If the judgment is sustainable under any theory, it must be affirmed. *Irwin v. Wal–Mart Stores, Inc.*, 813 S.W.2d 99, 101 (Mo.App.1991).

Appellant claims the trial court erred because her petition states facts sufficient to state a cause of action against defendant in that the alleged facts showed grounds for recovery under intentional inducement to breach a fiduciary duty by inducing plaintiff's treating psychologist to engage in an unauthorized ex parte interview with defendant. We disagree.

Missouri courts addressed this issue in *Baker v. State Farm Mut. Auto. Ins. Co.*, 806 S.W.2d 742 (Mo.App.1991). The plaintiff in *Baker* had been involved in an automobile accident and subsequently filed a personal injury lawsuit against the other driver and her employer, State Farm. Defendants requested and received executed medical authorizations allowing them to inspect and copy plaintiff's medical records

"relative to the injuries [she] sustained in the automobile collision [she] was involved on May 2, 1986 (or) any previous or subsequent injuries to the same portions of [her] body injured in the occurrence of May 2, 1986." *Id.* at 744. Defendants sought and received medical records beyond the scope of the authorization. The plaintiff brought a subsequent action against State Farm claiming damages for wrongful acquisition of her medical records and alleging intentional interference with the physician/patient privilege. *Id.* The *Baker* court determined that because "[n]o Missouri case has recognized a cause of action for intentional interference with the physician/patient privilege" summary judgment was proper. *Id.* (citing *Mikel v. Abrams*, 541 F.Supp. 591, 598 (D.Mo.1982)).

Appellant argues that her facts are distinguishable from *Baker* and, therefore, its holding does not apply to her action. In *Baker*, as here, the claim by the plaintiff was that defense counsel received information beyond the scope of the authorization. This court believes the case at issue herein is indistinguishable from *Baker*. Regardless of the facts presented, however, Missouri does not recognize a cause of action for intentional interference with the physician/patient privilege. Although appellant calls her action intentional inducement to breach a fiduciary duty, the duty alleged to have been breached is the physician/patient privilege. Regardless of the name attached to the action, it is the same as that in *Baker*.

We agree that Missouri courts have expressed a judicial philosophy that discourages ex parte communication between defense counsel and plaintiff's physician. *See State ex rel. Woytus v. Ryan*, 776 S.W.2d 389 (Mo. banc 1989); *McClelland v. Ozenberger*, 805 S.W.2d 264 (Mo.App.1991). This philosophy does not, however, create a new cause of action.

The judgment is affirmed.

All concur.