STATE of Missouri, ex rel., Donald
P. MENKHUS, Respondent,

v.

CITY OF PEVELY, et al., Appellant.

No. 63155.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 30, 1993.

Cyril J. Clancy, St. Louis, for appellant.

Mark T. Stoll, Hillsboro, for respondent.

CRIST, Judge.

The City of Pevely (City) appeals the trial court's order granting partial summary judgment in favor of Donald P. Menkhus in the form of a writ of mandamus ordering the

Board of Aldermen (Board) to approve the plat of Menkhus Manor Subdivision. We affirm.

Menkhus owns a two-acre tract of land in the City upon which he desires to construct a subdivision. The City has a subdivision ordinance which requires approval of a subdivision plat prior to development of the land. The City's subdivision regulations set forth minimum standards which a proposed subdivision must meet. After meeting these standards, the developer submits a final plat to the Planning and Zoning Commission (Commission) for approval. The Commission then ensures the plat meets the minimum standards set forth in the code. After making this determination, the Commission has 30 days within which to recommend approval or disapproval of the plat to the City. The City's subdivision regulations provide further:

> When the Final Plat has been recommended for approval by the Commission and when approved by the City, a copy thereof shall be filed with the City and to such other agencies as may be appropriate. A copy of the approved plat and Indenture of Restrictions shall be delivered to the subdivider to be recorded with the Recorder of Deeds of Jefferson County.

Menkhus submitted his final plat to the Commission for approval. At a meeting held on March 20, 1989, the Commission found Menkhus's plat met the minimum requirements of the City's ordinance and voted to recommend his plat to the Board, the governing body of the City, for approval. Menkhus's subdivision plat was then presented to the Board at its meeting on April 20, 1989. The following notation is found in the minutes of this meeting:

> MEMHUS [sic] MANOR APPROVAL OF PLAT BY BOARD After some discussion concerning water, sewer, and streets the Board decided to approve the final plat of Menkhus Manor. Janet Monsen made a motion to approve the plat contingent upon receiving a $10,000 performance Bond for the streets, seconded by Curt Stueve, motion carried, no nays.

The Menkhus Manor subdivision plat was again discussed by the Board at a meeting held on September 5, 1991. The minutes from this meeting indicate approval of the Menkhus Manor subdivision was tabled at the last meeting pending questions on the legal consequences of failing to approve the plat following a recommendation by the Commission. Counsel for the City was present at this meeting and advised the Board:

> Discretion is largely withdrawn from the Board at the [sic] point. It becomes in many cases and under many cases a ministerial act at that point rather than an [sic] discretionary act.

After a lengthy discussion of possible problems with the subdivision, a motion was made for the first reading of Bill No. 724, the ordinance dealing with Menkhus Manor, but this motion failed for lack of a second. The failure of this bill prevented Menkhus from being able to record his subdivision plat.

On October 4, 1991, Menkhus filed a Petition in Mandamus requesting the court to enter an order directing the Board to· endorse its approval of the Menkhus Manor subdivision plat or, in the alternative, to grant judicial review of the Board's decision not to approve his plat. Menkhus's petition also requested the City be required to pay damages for depriving him of the use of his property without just compensation. A Preliminary Order in Mandamus was entered on October 4, 1991, requiring the Board's members to either enter their approval of the Menkhus Manor plat or file an answer to the Petition in Mandamus. The City filed an answer alleging the Board had not yet denied Menkhus's plat, but rather the ordinance to approve his plat was still pending. The City requested the court dismiss Menkhus's Petition in Mandamus. Menkhus then filed a motion requesting the court enter partial summary judgment on his request for an order of mandamus. The City filed a motion in opposition alleging summary judgment on the writ of mandamus was not proper because there were still material issues of fact to be determined. The City argued factual

determinations still needed to be made on: (1) whether Menkhus had complied with all of the City's subdivision regulations, and (2) whether the Board has taken any action rejecting Menkhus's plat because the motion to approve his plat merely failed for lack of a second on the motion.

The court granted Menkhus's motion for partial summary judgment and issued a writ of mandamus ordering the Board to approve Menkhus's subdivision plat.

The City now appeals alleging the trial court erred in granting Menkhus's request for partial summary judgment and in issuing the writ of mandamus because there were still genuine issues of material fact and because Menkhus was not entitled to a writ of mandamus as a matter of law.

■ On appeal, we review the record in the light most favorable to the party against whom summary judgment was entered. *Shamrock Bldg. Supply v. St. Louis Inv.*, 842 S.W.2d 556, 557[1] (Mo.App.1992). In doing so, we first determine whether any genuine issue of material fact exists requiring a trial and second, whether the trial court's ruling was correct as a matter of law. *Baker v. State Farm Mut. Auto. Ins. Co.*, 806 S.W.2d 742, 743 (Mo.App.1991). If the facts alleged to be in dispute are actually differing opinions of the parties concerning the legal effect of documents or actions determining their legal rights, summary judgment is not precluded. *Id.*

■ Further, we note a writ of mandamus is an extraordinary remedy which is appropriate only when it compels ministerial actions; it may not be utilized to compel the performance of a discretionary act. *State ex rel. Kessler v. Shay*, 820 S.W.2d 311, 314[4] (Mo.App.1991). Therefore, we must first determine whether the City may exercise discretion in authorizing subdivision plats which the Commission has already approved, or whether their authorization is merely a ministerial act at this point.

Appellant's brief argues the Board, as the governing body of the City, is granted final authority in approving and endorsing all plats according to the portion of § 445.030, RSMo 1986, which states:

> before approving such plat, the common council may, in its discretion, require such changes or alterations thereon as may be found necessary to make such map or plat conform to *any zoning or street development plan which may have been adopted or appear desirable,* and to the requirements of the duly enacted ordinances of such city, town or village, appertaining to the laying out and platting of subdivisions of land within their corporate limits. (emphasis added).

This portion of § 445.030 was adopted in 1943. In 1963, Chapter 89, a separate set of statutes dealing with subdivision regulation, was also adopted. Section 89.410.1 RSMo 1986, provides:

> The planning commission shall recommend *and the council may by ordinance adopt regulations* governing the subdivision of land within its jurisdiction. The regulations, in addition to the requirements provided by law for the approval of plats, may provide requirements for the coordinated development of the municipality; for the coordination of streets within subdivisions with other existing or planned streets or with other features of the city plan or official map of the municipality; for adequate open spaces for traffic, recreation, light and air; and for a distribution of population and traffic. (emphasis added).

In *City of Bellefontaine Neigh. v. J.J. Kelley R. & B. Co.*, 460 S.W.2d 298, 303–04[6] (1970), this court stated the specific language of § 89.410.1 took precedence over the broad grant of power given to cities in § 445.030. Therefore, any discretion which the City's Board had to deny Menkhus's plat must come either from the statutes governing subdivision regulation, or from any ordinances the City has adopted to deal with subdivision regulation, pursuant to § 89.410. *Id.* at 304[7].

Appellant argues the City's Board had the power to disapprove Menkhus's plat under

§ 483.090(b)(1) of the City's subdivision ordinance, providing each site must be free from the danger of flooding. We disagree.

First, we point out the only discretion which may be exercised in approving subdivision plats is the discretion to determine whether the plat meets the requirements outlined in the statutes and any applicable ordinances adopted pursuant to these statutes. In *State ex rel. Schaefer v. Cleveland*, 847 S.W.2d 867, 870[9] (Mo.App.1992), this court recently addressed whether the commission of the City of Kirkwood could be compelled by mandamus order to approve a subdivision plat. Kirkwood also has an ordinance regulating subdivisions which requires final plats be approved first by the commission and then by the council, the governing body of the City of Kirkwood. In *Schaefer*, this court held:

> the exercise of discretion and judgment vested in the administrative body is to determine whether a plan meets the zoning or subdivision requirements. It is not a discretion to approve or disapprove a plan that does meet the requirements. The statutes and the ordinance do not grant to the Commission or the Council [Board] the authority to deny a subdivision plat which complies with the subdivision ordinance.

*Id.* at 873[15].

On March 20, 1989, the City's Commission found Menkhus's plat met the minimum of the requirements of the City's subdivision regulations and recommended approval to the Board. The City's Board also approved of Menkhus's final plat on the record during their April 20, 1989 meeting. Since Menkhus's final plat has already been found by both the Commission and the Board to meet the requirements of the City's subdivision ordinance, neither the Board nor any person acting on behalf of the City has discretion to refuse to endorse Menkhus's subdivision plat. *Id.* Further, no genuine issue of material fact is left to be determined on this issue. Therefore, the court's order granting partial summary judgment in favor of Menkhus and

issuing a writ of mandamus ordering the City to endorse Menkhus's final plat was proper as a matter of law. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.