**Judith Ann (Volkart) EHRHARDT, Respondent,**

v.

**Harold Truman VOLKART, Sr., Appellant.**

No. 48532.

Missouri Court of Appeals, Western District.

Sept. 13, 1994.

Chris Jordan, Waltz & Jordan, Jefferson City, for respondent.

James F. Crews, Crews, Gaw, Lutz & Opie, Tipton, for appellant.

LOWENSTEIN, Judge.

This is an appeal from a modification of child support. The father, Volkart, (Appellant) moved for a downward modification of his obligation, claiming his income had declined. The mother, Ehrhardt, (Respondent) counter-moved for an increase in child support for tuition for their son, age 18, who enrolled in a vocational-technical school directly after graduation from high school.

---

The trial court found such an increase was justified in that the school costs would increase the former child support amount by over twenty percent and, thus, increased Appellant's support obligation accordingly from $150.00 per month to $452.00 per month.

The "gist" of Appellant's claim for relief is the trial court erred by figuring the child support increase without using a "technical" Form 14 form and, instead, derived a Form 14 calculation from Appellant's submitted gross income statement. Therefore, Appellant claims that by using the gross income statement, the court did not take into account and deduct his necessary expenses. Appellant additionally claims the trial court erred, in that the increase for the post-secondary educational expenses was not warranted by sufficient evidence.

The facts before this court are as follows: At the time of the modification hearing, Appellant had missed several support payments under the then-existing order. Both parties were asked by the court to submit standard Form 14 income and expense statements. Only Respondent did so. Appellant, self-employed in the "horseshoeing" business, instead submitted a gross monthly income statement and some tax returns. In doing so, Appellant was actually submitting his entire gross income, as he did not deduct his expenses before turning the figures over to the court. The trial court then granted Respondent's motion to increase, based on its calculation derived from Appellant's submitted financial statements and evidence presented by Respondent as to future school expenses. The trial court also considered the Form 14 submitted by Respondent in figuring their respective support amounts.

The court, in its findings of fact and conclusions of law, determined that the child support amount should be increased because the current support amount was unjust because the school tuition would account for over a 20% increase. No evidence to the contrary was presented by Appellant. This is because Appellant chose not to appear at the modification hearing. Even though the action was initiated by Appellant himself, he failed to appear and present evidence proving his expenses, or that the increase was

unwarranted under Respondent's evidence. The trial judge then dismissed Appellant's motion, took up Respondent's counter-motion, heard her evidence, and granted her motion for the increase.

## I.  Standard of Review

In a case involving review of a trial court's determination of a child support modification question, the trial court's ruling will be affirmed unless: "there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law." *McMickle v. McMickle*, 862 S.W.2d 477, 480 (Mo.App.1993); citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## II.  Form 14 Calculation

■ According to Appellant, the trial court erred in figuring the child support owed based on his gross receipts, and not on a Form 14. However, it cannot be stressed enough that it is required that Appellant submit a completed Form 14 worksheet to the court. He failed to do this. Therefore, the court used what it had before it … the gross monthly income statement and tax returns submitted by Appellant himself.

In *Ibrahim v. Ibrahim*, 825 S.W.2d 391 (Mo.App.1992), the husband claimed the same error as in the case at bar. The court was quick to point out that the party enjoys the benefit of Form 14 only by submitting one. *Id.* at 398. This means the court held, "a party who wishes to challenge the child support award on the basis that it does not conform to the requirements of Rule 88.01, may include the copies of Form 14 which were before the trial court. Husband did not do this." *Id.* at 398. The court concluded by holding it would not convict the trial court of error on an issue which was not put before it in the first place. *Id.*

Subsequent to *Ibrahim*, this court held in *Luker v. Luker*, 861 S.W.2d 195, 199 (Mo. App.1993) if there happened to be a disagreement between the parties about child support amounts, then both parties should submit a Form 14. It was further noted, that the party who failed to submit the necessary

form cannot appeal error on that issue. *Id.* at 199.

In *Kessinger v. Kessinger*, 829 S.W.2d 658, 661 (Mo.App.1992), the court ruled that both parties were required to submit Form 14 worksheets. One party did not and the court held that "an Appellant seeking reversal of a child support determination without completing a Form 14, is doing so at his or her own peril." *Id.* at 661.

The above cases rule the case at bar. The fault complained of by Appellant can be laid at Appellant's own feet.

Point denied.

### III. Increase Supported by Sufficient Evidence

■ Appellant's next point on appeal is that the court's increased child support order was not based on sufficient evidence, and that the court did not deduct his reasonable expenses before determining his obligation.

Again, this claim can be traced directly back to Appellant. He did not show up at the modification hearing ... a hearing he initiated. Therefore, he failed to present any evidence of expenses, or any other evidence, which would make the increased amount of child support unjust or inappropriate. Without any case precedent, equitable principles lead this court to hold that when a party claims insufficient proof exists, that insufficient proof must not exist because Appellant himself failed to prove it.

Nevertheless, there is also case precedent to support the trial court's determination. A trial court has great discretion in determining the amount of gross income attributable to the non-custodial parent. *Howerton v. Howerton*, 796 S.W.2d 665 (Mo.App.1990). Furthermore, the trial court is vested with discretion pursuant to § 452.340.1(2), RSMo (Cum.Supp.1993). Under § 452.340, the court may consider all relevant factors, and there is a presumption that a determination under the child support guidelines is correct, minus a specific showing that the application of the guidelines would be unjust or inappropriate. Form 14 follows § 452.340's mandate. Form 14 gives to the trial court the discretion to calculate child support in appro-priate circumstances based on a determination of potential income, if either is unemployed or under-employed. This is applicable here because Appellant was self-employed and claimed to be under-employed. (Claimed to be operating at a loss).

In addition, Appellant provides this court with no evidence that the trial court did not consider his necessary expenses when determining the amount of the support order. Just because Appellant did not produce any evidence of any specific expenses, does not mean the trial court did not consider normal expenses when calculating the support amounts.

Finally, even if the trial court did specifically replace Appellant's missing Form 14 with his gross income statement, such is not error under existing law. In *Vehlewald v. Vehlewald*, 853 S.W.2d 944 (Mo.App.1993), the court held that although the use of the guidelines was mandatory, wide discretion was vested in the trial court in granting child support. *Id.* at 951. Furthermore, although the guidelines are to be given substantial consideration, they are not to be applied rigidly. The guidelines are simply formulas to consider. They leave significant room for sound court discretion. *Id.*.

In *Leahy v. Leahy*, 858 S.W.2d 221 (Mo. banc 1993), the Supreme Court of Missouri decided a case involving a motion to increase child support for college expenses. In this case, as in the case at bar, the father did not file a Form 14. Instead, the trial court looked at the father's tax and bank records in deciding that he had sufficient resources to pay for his daughter's reasonable college expenses. *Id.* at 225. In the instant case, the trial court was correct in looking at Appellant's gross income statement, as well as the evidence submitted by Respondent, as to the child's upcoming educational expenses. The court found these expenses would increase the existing child support order by more than 20%, thus rendering it unjust and warranting the upward modification. It is important to note again that Appellant had the chance to rebut this presumption by producing contrary evidence, but failed to do so because he did not appear at the hearing.

Appellant's second point is denied. The judgment is affirmed.

All concur.