

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| MICHAEL LEE MUZA, | ) | |
| Respondent, | ) | |
| v. | ) | WD77431 |
| | ) | FILED: December 23, 2014 |
| DENA LEANN MUZA, | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE KENNETH R. GARRETT, JUDGE

### BEFORE DIVISION ONE: THOMAS H. NEWTON, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

This appeal arises from the circuit court's division of property in the judgment dissolving the marriage of Michael Muza ("Husband") and Dena Muza ("Wife"). Wife contends the court erred in classifying the future proceeds from a pending lawsuit as marital property. Because Wife failed to appear at trial and did not present evidence to overcome the presumption of marital property, we find no error and affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Husband and Wife were married on July 8, 2000. Two children were born of the marriage. On April 16, 2013, Husband filed a Petition for Dissolution of Marriage, for which he later amended. Wife filed an Answer and a Counter-Petition

for Dissolution. During discovery, Wife failed to comply with the standard dissolution requests that were due on June 23, 2013. The trial court ordered Wife to provide discovery responses by January 3, 2014, and further ordered that discovery was to close on January 10, 2014.

Prior to trial, the court struck Wife's pleadings as a sanction for failure to comply with both the discovery order and an order for payment of guardian *ad litem* fees. The court also granted the motion of Wife's counsel of record to withdraw on the basis that Wife had ceased communication with her attorneys.

Wife failed to appear at the dissolution trial. Husband presented evidence of the marital assets and debts. One of the items listed as a marital asset was a pending lawsuit that Wife had filed against her former employer, AT&T Mobility Services ("AT&T"). Husband's attorney requested the trial court to take judicial notice of Husband's Exhibit 6—which was a copy of the petition that Wife had filed against AT&T.

In the pending lawsuit against AT&T, Wife alleged that she was fired on November 22, 2011, in retaliation for her complaints regarding sexual harassment at work. Wife initially filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on May 18, 2012. She later received a right to sue notice and filed suit against AT&T in the Jackson County Circuit Court on April 1, 2013. In her petition, Wife alleged that she suffered substantial damages, including: "lost past and future income and employee benefits, humiliation, mental distress, harm to

2

reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages..."

Following the dissolution trial, the court entered a judgment classifying the lawsuit as marital property and awarding Husband 50% of any damages awarded in the lawsuit. The court explained:

> [Wife]'s lawsuit was filed during the marriage and alleges relief for claims and damages that occurred during the marriage. [Husband] shall receive as his sole and separate property, free and clear of any right, title or interest of [Wife], fifty percent (50%) of any monetary recovery [Wife] receives from said claims as currently set forth and/or any subsequent claims or lawsuits arising therefrom.

Wife appeals, contending the trial court erred in classifying the potential damages from the lawsuit as marital property.

### STANDARD OF REVIEW

We will reverse the trial court only if the judgment was against the weight of the evidence, was not supported by substantial evidence, or misstated or misapplied the law. *Petties v. Petties*, 129 S.W.3d 901, 905 (Mo. App. 2004). We will reverse a judgment as against the weight of the evidence "only with caution and a firm belief that the judgment is wrong." *King v. King*, 66 S.W.3d 28, 32 (Mo. App. 2001). The trial court is vested with broad discretion in identifying marital property. *Petties*, 129 S.W.3d at 905. The appellant bears the burden of showing trial court error. *Taylor v. Taylor*, 25 S.W.3d 634, 638 (Mo. App. 2000). We review the evidence in the light most favorable to the trial court's ruling, disregarding contrary evidence. *Id.*

3

In her sole Point on appeal, Wife contends the trial court erred in awarding Husband a portion of her pending lawsuit against AT&T as marital property. She points out that her lawsuit seeks damages for future lost earnings, mental distress, and humiliation—all of which could qualify as nonmarital property. In response, Husband argues that Wife failed to overcome the presumption that all property acquired during the marriage is marital property.

Section 452.330 provides in relevant part that "[i]n a proceeding for dissolution of the marriage... the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property... in such proportions as the court deems just after considering all relevant factors...." § 452.330.1. A statutory presumption exists that all property acquired by either spouse subsequent to the marriage, but before dissolution, is considered to be marital property. § 452.330.2. The party challenging that presumption must show by clear and convincing evidence that the property is nonmarital. *Schubert v. Schubert*, 366 S.W.3d 55, 69 (Mo. App. 2012).

In considering whether this presumption is triggered, this court must initially determine the date the property was acquired. With regard to most property, determining the date of acquisition is relatively straightforward, as it is the date the property is purchased or received. *Petties*, 129 S.W.3d at 908. In other circumstances, however, the date of acquisition is considered to be "when the recipient acquires legal rights or interests in the property." *Id.* This court has

4

stated that, in the context of a workers' compensation settlement, "the important date is not when [the spouse] received the workers' compensation settlement, but rather instead when [the spouse] was injured." *Id.*

Once triggered, the presumption of marital property can be overcome in cases where one spouse may be entitled to a future damage award or settlement. Missouri follows the "analytic method" of classifying money recovered by a spouse for injuries sustained during the marriage. *In re Marriage of Tullier*, 989 S.W.2d 607, 610–11 (Mo. App. 1999). This method seeks to determine what the award was intended to replace. *Mistler v. Mistler*, 816 S.W.2d 241, 247 (Mo. App. 1991). For example, if the recovery is intended to compensate for losses to the marital estate—such as loss of wages during marriage—it is marital property. *Wood v. Wood*, 193 S.W.3d 307, 312 (Mo. App. 2006). Conversely, if the recovery is intended to compensate for losses to a spouse's separate estate—such as future wages that would be earned post-dissolution—it is his or her separate property. *Id.*

In this case, the legal rights asserted in Wife's lawsuit were acquired during the marriage, thereby triggering the statutory presumption of marital property subject to division under section 452.330. The parties were married on July 8, 2000. Wife's employment was terminated on November 22, 2011, and she filed her administrative claims with the EEOC and the MCHR on May 18, 2012. She then filed suit against AT&T in the Jackson County Circuit Court on April 1, 2013. All of this occurred during the marriage. Husband did not file his petition for

5

dissolution until April 16, 2013, and the trial court did not enter a judgment dissolving the marriage until February 10, 2014. Thus, Wife acquired legal rights or interests in the "property" subsequent to the marriage, but before dissolution. Therefore, a statutory presumption exists that any damages resulting from the lawsuit are marital property. § 452.330.2.

Because the statutory presumption contained in section 452.330 was applicable, the trial court was required to presume that potential proceeds from the pending lawsuit are marital property. It was incumbent upon Wife to rebut that presumption by introducing clear and convincing evidence that the property is nonmarital. *See Schubert*, 366 S.W.3d at 69. However, Wife did not meet that burden because she failed to appear at the dissolution proceeding and presented no evidence on the issue. Husband presented his statement of marital assets and debts, which listed the pending lawsuit as marital property. The presumption of marital property was never rebutted.

The court faced a similar issue in *Wood v. Wood*, 193 S.W.3d 307 (Mo. App. 2006), where the husband had a pending lawsuit against his former employer for wrongful termination at the time of the marital dissolution proceeding. The court classified the lawsuit as marital property and awarded each party one half of the marital interest in the potential proceeds. *Id.* at 310.

On appeal, the husband argued that the trial court erred in awarding the wife half of the lawsuit's proceeds because the court failed to separately designate which components (i.e. damages) of the lawsuit were separate and which were

marital. *Id.* at 312. The court rejected the husband's argument, noting that the husband failed to produce clear and convincing evidence sufficient to overcome the statutory presumption that the property was marital property. *Id.* The court reasoned:

> [The husband]'s employment with [his former employer] ended during the marriage, and [the husband] filed the Lawsuit during the marriage. [The husband] testified that in the Lawsuit, he was claiming lost wages during the marriage, but not after the marriage. Although [the husband] expressed some uncertainty as to what specific relief he was seeking in the Lawsuit, the trial court was free to believe or disbelieve all, part or none of his testimony. Further, [the husband] did not offer into evidence his petition filed in the Lawsuit to assist the trial court in determining whether or not [the husband] sought relief that might be classified as separate property.

*Id.* at 313–14 (citations omitted). The court concluded that the trial court had not erred in classifying any potential proceeds from the lawsuit as marital property because the husband did not meet his burden of showing that a portion of the lawsuit proceeds were nonmarital property. *Id.* at 314.

Wife argues that *Wood*, on which Husband relies for support, actually lends support to her position. She claims that here, unlike in *Wood*, the petition that Wife filed against AT&T—which describes the particular types of damages for which Wife seeks to recover—was entered into the record when the court took judicial notice of Husband's own exhibit. She argues that the exhibit is sufficient to constitute clear and convincing evidence that a portion of the proceeds would be nonmarital property, notwithstanding the fact that she failed to appear at the hearing to produce her own evidence.

7

However, Wife cannot merely rely on the fact that the trial court had taken judicial notice of Husband's own exhibit—a copy of Wife's petition against AT&T—to show that she met her burden. Rebuttable presumptions place upon the party against whom the presumption operates the obligation to introduce evidence to rebut the presumed fact. *Deck v. Teasley*, 322 S.W.3d 536, 539 (Mo. banc 2010). Wife presented no evidence. We recognize that in meeting its burden, as in the case of a defendant's burden of proof with regard to an affirmative defense, a party may have the benefit of its own evidence *or* that given by its opponent. *Stewart v. K-Mart Corp.*, 747 S.W.2d 205, 208 (Mo. App. 1988). However, it is not a court's responsibility to invent arguments to aid a party that fails to appear and produce evidence to rebut a statutory presumption. *See Chandler v. Furrer*, 823 S.W.2d 27, 29 (Mo. App. 1991).

Although Wife's petition was entered into evidence in this case, Wife did not appear at the hearing to direct the trial court's attention to the language of the petition on which she now relies. She failed to present any argument that certain types of damages in the pending lawsuit were intended to compensate her for losses to her separate estate. Thus, Wife cannot be said to have met her burden in overcoming the "strong presumption" that the property was marital property. *See Roberts v. Roberts*, 432 S.W.3d 789, 794 (Mo. App. 2014); *see also Ehrhardt v. Volkart*, 883 S.W.2d 553, 555 (Mo. App. 1994) (holding that opponent of child support modification failed to rebut prima facie showing of substantial and

continuing change in circumstances by failing to appear and produce contrary evidence.)

We conclude that the trial court did not err in classifying the pending lawsuit as marital property when it was shown to have been "acquired" during the marriage and Wife failed to produce any evidence or argument to rebut the statutory presumption. Because Wife failed to show by clear and convincing evidence that the property was nonmarital, there was no abuse of discretion. *See Buckner v. Buckner*, 912 S.W.2d 65, 69 (Mo. App. 1995). The point on appeal is denied.

## CONCLUSION

We affirm the circuit court's judgment.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

9